UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DELBERT DOUGLAS,

                Petitioner,

v.

WILLIAM GITTERE, et al.,

                Respondents.

Case No. 3:21-cv-00431-ART-CSD

ORDER

      This counseled habeas petition comes before the Court on Petitioner Delbert Douglas's unopposed motion for stay and abeyance (ECF No. 36) and respondents' unopposed motion for enlargement of time (ECF No. 38).

      Douglas initiated this action on or about September 22, 2021, with the dispatch of his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 7.) On October 28, 2021, the Court provisionally appointed the Federal Public Defender to represent Douglas. (ECF No. 6.) Counsel was officially appointed on December 1, 2021, and filed a first amended petition for writ of habeas corpus and second amended petition for writ of habeas corpus on December 15, 2021, and November 7, 2022, respectively. (ECF Nos. 13, 14.) The second amended petition contains some unexhausted claims, one of which is based on *Sena v. State*, 510 P.3d 731, 747 (Nev. 2022), which was issued after Douglas litigated his state habeas petition and filed his original federal petition. Douglas now seeks a stay and abeyance to allow the Nevada state courts to adjudicate his recently filed petition for writ of habeas corpus in Nevada's Eighth Judicial District Court. (ECF No. 36 at 2–3.)

      In *Rhines v. Weber*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. 544 U.S. 269 (2005). The *Rhines* Court stated:

1

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g., Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006) ("[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant.").

Douglas argues that good cause exists because the basis for at least one of his claims did not arise until after he had filed his original federal habeas petition. (ECF No. 36 at 3.) The Court finds that this constitutes good cause for the failure to exhaust the claims in state court before filing the federal petition. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Douglas has not engaged in intentionally dilatory litigation tactics. Accordingly, Douglas's unopposed request for a stay and abeyance will be granted.

It is therefore ordered that Petitioner Delbert Douglas's unopposed motion

for stay and abeyance (ECF No. 36) is granted. This action is stayed pending exhaustion of the unexhausted claims in the second amended petition. The grant of this stay is conditioned upon Douglas litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings.

It is further ordered that respondents' unopposed motion for enlargement of time to file their response to the second amended petition (ECF No. 38) is denied as moot. Respondents' deadline to file their response to the second amended petition is vacated. The time for respondents to answer or otherwise respond to the second amended petition will be reset after the stay is lifted.

It is further ordered that the clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

DATED THIS 28th day of April 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE