UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DELBERT DOUGLAS,

                    Petitioner,

    v.

WILLIAM GITTERE, et al.,

                  Respondents.

Case No. 3:21-cv-00431-ART-CSD

ORDER GRANTING, IN PART, AND
DENYING, IN PART,
MOTION TO DISMISS

[ECF No. 61]

This counseled habeas matter comes before the Court on Respondents' motion to dismiss Petitioner Delbert Douglas's Third-Amended Petition. (ECF No. 61.) Douglas opposed the motion, and Respondents replied. (ECF Nos. 69, 76.) For the reasons stated below, the Court grants the motion, in part, and denies the motion, in part.

## I.    BACKGROUND

The Nevada Supreme Court described the facts of this case, as presented at Douglas's trial, as follows: "Delbert Roy Douglas fathered two children with his daughter, whom he forced to have sex with him when she was 12 and, again, after she turned 18." (ECF No. 15-6.) A jury found Douglas guilty of sexual assault with a minor under fourteen years of age, sexual assault, and two counts of incest. (ECF No. 15-2.) Douglas was sentenced to life in prison with parole eligibility after 20 years for count 1, life in prison with parole eligibility after 10 years for count 2 to run consecutively to count 1, 4 to 10 years for count 3, and life in prison with parole eligibility after 2 years for count 4 to run concurrently with counts 1 and 2. (ECF No. 15-1.) Douglas was also sentenced to lifetime supervision. (ECF No. 15-2.) Douglas appealed, and the Nevada Supreme Court affirmed on May 1, 2014. (ECF No. 15-6.)

Douglas filed a state habeas petition on February 2, 2015. (ECF No. 15-7.)

The state court denied Douglas postconviction relief on December 3, 2018. (ECF No. 15-13.) Douglas appealed, and the Nevada Court of Appeals affirmed on February 8, 2021. (ECF No. 15-17.) Following unsuccessful petitions for rehearing, remittitur issued on June 21, 2021. (ECF No. 15-21.)

Douglas commenced this action on or about September 27, 2021. (ECF No. 1.) This Court appointed counsel for Douglas, and counsel filed Douglas's First-Amended Petition and Second-Amended Petition on December 15, 2021, and November 7, 2022, respectively. (ECF Nos. 14, 30.) On April 28, 2023, this Court granted Douglas's unopposed motion for a stay and abeyance. (ECF No. 39.)

On February 3, 2023, Douglas filed a second state habeas petition. (ECF No. 46-1.) The state court granted the petition, in part, and denied it, in part. (ECF No. 59-31.) Following the granting, in part, of Douglas's second state habeas petition, on December 27, 2023, the state court entered a Second Amended Judgment of Conviction, vacating count 4, one of the incest counts. (ECF No. 59-33.)

This matter was reopened, and Douglas filed his counseled Third-Amended Petition on July 15, 2024. (ECF Nos. 42, 45.) In his Third-Amended Petition, Douglas presents the following grounds for relief:

1a. The Nevada Supreme Court's expansion of NRS 201.180 during his direct appeal violated the fair warning principle of due process.
1b. Nevada's incest statute was vague because it did not define the unit of prosecution.
2. His convictions for sexual assault and incest violated the prohibition against double jeopardy.
3a. Trial counsel failed to investigate and present evidence refuting the charge that he assaulted the victim in 2008.
3b. Trial counsel failed to severe the charges of sexual assault and incest, which involved antagonistic defenses.
3c. His trial counsel failed to request an instruction on the lesser included offense of sexual seduction.
3d. His trial counsel failed to adequately challenge the warrantless seizure of his DNA.
4a. His appellate counsel was ineffective for failing to present ground 1b during his direct appeal.
4b. His appellate counsel was ineffective for failing to present a claim asserting that the trial court violated his due process

rights when it refused to excuse the entire jury venire.

     5.    Cumulative error.

(ECF No. 45.)

## II.    DISCUSSION

Respondents argue that (1) the Third-Amended Petition is untimely and all the claims that do not relate back to a timely petition must be dismissed, (2) ground 1b is moot, (3) grounds 1a, 1b, 3b, 4, and 5 are unexhausted, or, alternatively, ground 1a is procedurally defaulted, and (4) grounds 1a and 5 do not raise cognizable claims. (ECF No. 61.) This Court will address these arguments in turn.

### A.    Timeliness

Respondents contend that Douglas's Third-Amended Petition is untimely and that grounds 1, 3, 4, and 5 do not relate back to a timely-filed petition. (ECF No. 61.) Douglas rebuts that his Third-Amended Petition is timely because it challenges his confinement under his Second Amended Judgment of Conviction, which was entered on December 27, 2023. (ECF No. 69.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final either by the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

"[T]he statute of limitations must run from the judgment pursuant to which the petitioner is being held." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017). When an amended judgment of conviction is entered, it is considered a "new judgment, starting a new one-year statute of limitations." *Id.* at 688; *see also Gonzalez v. Sherman*, 873 F.3d 763, 770 (9th Cir. 2017) ("[T]he amendment [to the judgment of conviction] removed an invalid basis for incarcerating [the

petitioner] and provided a new and valid intervening judgment to which he was then being held in custody."). Here, the state court's issuance of the Second Amended Judgment of Conviction vacated one of Douglas's four convictions. (ECF No. 59-33.) This change in Douglas's convictions and sentence supports a finding that Douglas's Second Amended Judgment of Conviction was a new, intervening judgment, meaning Douglas is entitled to a new one-year statute of limitations. Douglas's Second Amended Judgment of Conviction was entered on December 27, 2023, making his Third-Amended Petition, which was filed only 7 months later on July 15, 2024, timely.

### B.    Mootness

In ground 1b, Douglas alleges that Nevada's incest statute is unconstitutionally vague because it fails to indicate whether it applies on a per-relationship basis or a per-act basis. (ECF No. 45 at 7–12.) Respondents contend that ground 1b is moot because the state court vacated Douglas's second incest count. (ECF No. 61 at 20.)

Douglas's Second Amended Judgment of Conviction did vacate one of his two incest convictions. Thus, if this Court were to grant relief on ground 1b, finding that Nevada's incest statue failed to dictate whether counts of incest are dictated by the number of victims or the number of acts, Douglas would potentially not be entitled to further relief than he has already received, i.e. vacation of his second incest conviction. However, this does not warrant a finding that ground 1b is moot. Although a federal court may, in an appropriate case, order the petitioner's release, either conditionally or otherwise, it lacks the power in habeas to revise a challenged state court judgment in order to correct constitutional errors. *See Fay v. Noia*, 372 U.S. 391, 430–31 (1963), *abrogated on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991), *overruled in part on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977). Rather, other than granting the writ of habeas corpus and imposing time limits in which the state

must either release the petitioner or correct the problem, the precise remedy is generally left to the state. *See Smith v. Goguen*, 415 U.S. 566 (1974) (explaining that a petitioner in custody under an unconstitutional statute is generally entitled to an unconditional writ with prejudice to retrial on the same charged offense). Here, Douglas argues that if he had "known he faced a single count of incest, counsel could have argued that the 2008 incident was consensual, conceding guilt on one count of incest but possibly securing a not guilty verdict on Count 2, charging the 2008 sexual assault incident." (ECF No. 69 at 48 n.10.) Given that (1) Douglas reasonably alleges that he is entitled to a further remedy than just the vacation of his second incest conviction and (2) it is up to the state court how to fashion any remedy stemming from this Court's potential finding that Nevada's incest statute is unconstitutionally vague, this Court does not find that ground 1b is moot. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." (internal quotation marks omitted)).

### C.    Exhaustion and Procedural Default

Respondents argue that grounds 1a, 1b, 3b, 4, and 5 are unexhausted. (ECF No. 61.) Alternatively, Respondents argue that if this Court finds that ground 1a is exhausted, then they argue that it is procedurally defaulted. (*Id.* at 17.) Douglas contends that (1) grounds 1a, 1b, 4, and 5 are exhausted and (2) ground 3b is technically exhausted and that he can demonstrate cause and prejudice to overcome any procedural default. (ECF No. 69 at 24, 35.)

#### a.    Exhaustion legal standard

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

"A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")).

A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

### b.    Procedural default legal standard

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim pursuant to an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation marks omitted). "If a state procedural rule is not well-established before a petitioner supposedly breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims." *Id.*

When a prisoner "procedurally defaults" a federal claim, judicial review is

barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id.* at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

### c.    Ground 1a

In ground 1a, Douglas alleges that he was convicted under an unconstitutionally vague state statute because the Nevada Supreme Court expanded its incest statute during his direct appeal proceedings in violation of fair warning principles of due process. (ECF No. 45 at 7–11.) Respondents contend that while Douglas alluded to a similar claim in his initial postconviction appeal, he added substantial legal nuance and factual allegations that render ground 1a unexhausted. (ECF No. 61 at 14.) This Court disagrees.

During his direct appeal proceedings, the Nevada Supreme Court held "that incest condemns sex between close relatives without regard to whether the intercourse was consensual." (ECF No. 15-6 at 3.) During his first state habeas proceedings, Douglas alleged that this holding "supersed[ed] and/or eliminat[ed] [his] federally protected rights, retroactively, and without 'fair notice,' in violation of . . . due process." (ECF No. 15-10 at 3.) Douglas explained that "there can be no doubt that a deprivation of the right of 'fair warning' can result not only from vague statutory language, but also from (an) unforeseeable and retroactive judicial doctrine." (*Id.* at 4.) Then, in his counseled opening brief on the appeal of

7

1   the denial of his first state habeas petition, Douglas "argued that he could not
2   have been aware that his conduct was prohibited because [the Nevada Supreme
3   Court] had not ruled on his case (an issue of first impression – whether a
4   conviction for Incest and Sexual Assault are redundant and/or violate the Double
5   Jeopardy clause of the First Amendment of the United States Constitution) until
6   his direct appeal," meaning he "could not have understood the meaning of the
7   statutes at issue until after his direct appeal was decided, thus subjecting him to
8   criminal liability on vague statutes he could not have retroactively understood
9   beforehand." (ECF No. 15-14 at 34.)

10   Although ground 1a in Douglas's Third Amended Petition may have added
11   support as compared to the claim he presented to the state courts—e.g., citing to
12   similar statutes and interpretations from other jurisdictions and examining
13   legislative history and statutory context—this Court finds that this additional
14   support does not fundamentally alter the claim. Rather, the underlying substance
15   of the claim remained the same: a deprivation of fair notice of prohibited conduct
16   resulting from the Nevada Supreme Court's interpretation of Nevada's incest
17   statute on direct appeal. The Court finds that ground 1a is exhausted.

18   Turning to Respondents' argument that ground 1a is procedurally
19   defaulted, the Nevada Supreme Court denied relief on this claim because Douglas
20   could have raised it on direct appeal. (ECF No. 15-17 at 17.) Nevada law prohibits
21   state prisoners from seeking postconviction relief in a petition for writ of habeas
22   corpus where the grounds for the petition could have been raised in a direct
23   appeal. NRS 34.810(1)(b)(2). The Ninth Circuit has found this statute to be an
24   independent and adequate state procedural rule as applied to non-capital
25   cases. *Vang v. Nevada*, 329 F.3d 1069, 1073–74 (9th Cir. 2003). However, when
26   "the state court applie[s] the state's procedural rule . . . in an erroneous and
27   arbitrary manner," that "procedural rule does not bar federal habeas review."
28   *Sivak v. Hardison*, 658 F.3d 898, 907 (9th Cir. 2011). Here, it was not until

1    Douglas's direct appeal proceedings that the basis for ground 1a was developed,

2    meaning it was impossible for Douglas to have presented ground 1a on direct

3    appeal. Accordingly, the Nevada Supreme Court applied its procedural bar in an

4    erroneous and arbitrary manner, so this Court is not barred from considering

5    ground 1a.

6                **d.    Ground 1b**

7        In ground 1b, Douglas alleges that he was denied his constitutional right

8    to due process and a fair trial under the Fifth and Fourteenth Amendments due

9    to Nevada's unconstitutionally vague incest statute because it failed to indicate

10    whether it applies on a per-relationship basis or a per-act basis. (ECF No. 45 at

11    7–12.) Respondents argue that this ground is unexhausted because "Douglas did

12    not make any mention of this aspect of the statute's alleged vagueness in his

13    state habeas proceedings." (ECF No. 61 at 14.)

14        In his opening brief on appeal of the denial of his first state habeas petition,

15    Douglas argued that he was "subject[ ] to criminal liability on vague statutes."

16    (ECF No. 15-14 at 34.) However, this argument regarded the Nevada Supreme

17    Court's retroactive interpretation of its incest statute during direct appeal, as is

18    discussed in ground 1a. Douglas's attempt to create ground 1b out of merely

19    ground 1a's inclusion of the term "vague statute" is a stretch. Indeed, the

20    inclusion of ground 1b is more than just a simple reformation of the claim from

21    Douglas's state court proceedings; rather, it is the generating of a new claim that

22    the state courts did not have the opportunity to evaluate. The Court finds that

23    ground 1b is unexhausted.

24                **e.    Ground 3b**

25        In ground 3b, Douglas alleges that his trial counsel was ineffective for

26    failing to sever the charges of sexual assault and incest, which involved

27    antagonistic defenses. (ECF No. 45 at 17.) Douglas acknowledges that ground 3b

28    is unexhausted, but he contends that it is technically exhausted as it would be

procedurally defaulted if presented in state court as both untimely and successive. (ECF No. 69 at 35.) Douglas then contends that he can excuse this procedural default by showing cause and prejudice pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). (*Id.*)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Douglas would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada

state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Douglas advances only *Martinez* as a basis for excusing the anticipatory default of ground 3b. (*See* ECF No. 69 at 35–38.) As such, this Court finds ground 3b to be technically exhausted but procedurally defaulted. Because the analysis of cause and prejudice to overcome the procedural default of ground 3b is necessarily intertwined with its merits, this Court defers a determination of whether Douglas can overcome the procedural default until the time of merits determination.[1]

### f.    Ground 4

In ground 4a, Douglas alleges that his appellate counsel was ineffective for failing to present the claim in ground 1b in his direct appeal. (ECF No. 45 at 24.) The Court finds that ground 4a is unexhausted for the same reasons discussed previously regarding ground 1b being unexhausted.

In ground 4b, Douglas alleges that his appellate counsel was ineffective for failing to present a claim asserting that the trial court violated his due process rights when it refused to excuse the entire jury venire. (*Id.* at 25.) In his opening brief on appeal of the denial of his first state habeas petition, Douglas argued that his appellate counsel "was ineffective for failing to raise issues regarding unlawful arrest, defective information, warrantless and unconstitutional seizure

---

[1] Respondents contend that if this Court defers ruling on the claim until after briefing, it should permit Respondents to address Douglas's arguments on cause and prejudice in a surreply. The Court finds that this request is reasonable.

of DNA, conflict of interest of trial counsel, lack of jurisdiction of the district court, double jeopardy, jury instruction errors, prosecutorial misconduct for vouching for witnesses, and mis-joinder of the 2002 and 2008 counts, and *errors during jury selection.*" (ECF No. 15-14 at 32 (emphasis added).) Douglas cited to grounds 11 and 15 of his state habeas petition and to the appendix to support this ground. (*Id.*) Douglas's opening appellate brief's incorporation of his state habeas petition, which was included in his appendix and gives more detail on the alleged errors during jury selection, comprises a fair presentation of the claim for purposes of exhaustion. Ground 4b is exhausted.

### g.     Ground 5

In ground 5, Douglas alleges cumulative error. (ECF No. 45 at 30.) Respondents argue that this ground is unexhausted because Douglas never "presented a cumulative error claim that encompassed all of the legal and factual allegations presented." (ECF No. 61 at 16.) Douglas raised a cumulative error claim during his postconviction appeal proceedings, but not during his direct appeal proceedings. (*See* ECF Nos. 15-17 at 16, 15-3, 15-6.) Therefore, this Court finds ground 5 is exhausted to the extent that it alleges cumulative error from grounds 3a, 3c, 3d, and 4b.

### D.     Cognizable claims

Respondents contend that grounds 1a and 5 do not raise cognizable claims under the Federal Constitution. (ECF No. 61 at 18–19.) This Court disagrees.

AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is

1  not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

2      Federal habeas relief is unavailable "for errors of state law." *Lewis v.*

3  *Jeffers*, 497 U.S. 764, 780 (1990). A petitioner may not transform a state-law

4  issue into a federal one merely by asserting a violation of due process. *Langford*

5  *v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation

6  or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379

7  F.3d 773, 779–80 (9th Cir. 2004). A petitioner "cannot, merely by injecting a

8  federal question into an action that asserts it is plainly a state law claim,

9  transform the action into one arising under federal law." *Caterpillar v. Williams*,

10  482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir.

11  1999) (holding that federal habeas courts lack jurisdiction "to review state court

12  applications of state procedural rules").

13      Here, as a reminder, in ground 1a, Douglas alleges that he was convicted

14  under an unconstitutionally vague state statute because the Nevada Supreme

15  Court expanded its incest statute during his direct appeal proceedings in

16  violation of fair warning principles of due process. (ECF No. 45 at 7–11.)

17  Respondents contend that this ground is not cognizable because "Douglas

18  focuses on how the Nevada Supreme Court interpreted the statute in his case,"

19  making this a claim of state law error. (ECF No. 61 at 18.) The Supreme Court

20  has explicitly recognized the existence of a claim that an unexpected

21  interpretation of a statute can violate an individual's due process rights to fair

22  notice. *See Bouie v. City of Columbia*, 378 U.S. 347, 350, 354 (1964) (determining

23  that the South Carolina court's construction of a statute was unexpected and

24  indefensible because it was at odds with the statute's plain language and had no

25  support in prior South Carolina decisions); *see also United States v. Lanier*, 520

26  U.S. 259, 266 (1997) (stating that "due process bars courts from applying a novel

27  construction of a criminal statute to conduct that neither the statute nor any

28  prior judicial decision has fairly disclosed to be within its scope"). This Court

finds that ground 1a is cognizable.

Turning to ground 5, Douglas's cumulative error claim (ECF No. 45 at 30), this Court follows the Court of Appeals for the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Accordingly, the Court finds also ground 5 to be cognizable.

## III.    MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Douglas's Third-Amended Petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of grounds 1b and 4a; (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust grounds 1b and 4a; and/or (3) file a motion for other appropriate relief.

## IV.    CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 61) is granted, in part, and denied, in part, as follows: (1) the Third-Amended Petition is timely, (2) ground 1b is not moot, (3) ground 1a is exhausted, cognizable, and not procedurally barred from being considered, (4) grounds 1b and 4a are unexhausted, (5) ground 3b is technically exhausted but procedurally defaulted, and this Court defers consideration of cause and prejudice under *Martinez* until after the filing of an answer and reply, (6) ground 4b is exhausted, and (7) ground 5 is cognizable and exhausted to the extent that it alleges cumulative error from grounds 3a, 3c, 3d, and 4b.

It is further ordered that Respondents will have 15 days following the filing of the reply to file a surreply to address only Douglas's arguments regarding cause

1    and prejudice to overcome the procedural default of ground 3b.

2          It is further ordered that Douglas has 30 days from the date of this Order

3    to inform the Court how he wishes to proceed with his mixed petition as outlined

4    in this Order. If Douglas chooses to file a motion for a stay and abeyance or seek

5    other appropriate relief, the Respondents may respond according to Local Rule

6    7-2.

7          DATED THIS 15th day of August 2025.

8

9

10                                             _____
                                               ANNE R. TRAUM
11                                             UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28